IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Barbara A. Lincicome,                            :

               Plaintiff         :    Civil Action 2:11-cv-0678

v.                                               :    Judge Sargus

Michael J. Astrue, Commissioner
of Social Security,                              :    Magistrate Judge Abel

               Defendant

                                             :

**ORDER**

This matter is before the Court on the Commissioner's April 10, 2012 objections

to Magistrate Judge Abel's March 28, 2012 Report and Recommendation.  The Court,

having reviewed the record *de novo*, determines that this case should be REMANDED.

The Court further finds for the reasons set out below that the Commissioner's objections

to the Report and Recommendation are without merit.

Overview. Plaintiff Barbara A. Lincicome  alleges she became disabled at age 39

by degenerative disc disease of the lumbar spine at the LS-S1 levels; osteoarthritis of the

left knee, status post two arthroscopy surgeries and left total knee replacement; obesity;

non-insulin dependent diabetes mellitus; bipolar disorder and generalized anxiety

disorder.  The administrative law judge held that Lincicome retained the ability to

perform a reduced range of light work. As relevant to plaintiff's objections, those

limitations included the ability to both sit and stand and walk for two hours at a time

for a total of eight-hours a day. Given this residual functional capacity, the administrative law judge concluded that plaintiff remained capable of performing her past relevant work as a pottery decorator/hand painter and fast food worker.

Report and Recommendation.   Linicome's treating orthopedic surgeon, Dr. Mark D'Onofrio, gave the opinion that plaintiff had the residual functional capacity to stand for four hours total, for two minutes at a time; walk for four hours total, for two minutes at a time; and sit for eight hours during an eight-hour work day.  He further opined that Lincicome could lift 21 to 50 pounds, but only rarely; could use her feet for repetitive movements as in operating foot controls; occasionally bend, squat, and climb steps; but should never crawl or climb ladders. The administrative law judge gave no explanation for his rejecting Dr. D'Onofrio's opinion that Linicome could stand and walk for only two minutes at a time. He merely asserted that plaintiff had the ability to stand and walk for two hours at a time, each. The Magistrate Judge concluded that the administrative law judge, in essence,  made his own medical assessment, rather than weigh the medical evidence of record:

> [A]n administrative law judge's decision must articulate with specificity reasons for the findings and conclusions that he or she makes. Similarly, Social Security Ruling ("SSR") 82-62, provides that the "rationale for a disability decision must be written so that a clear picture of the case can be obtained." SSR 82-62 at *4.   The administrative law judge's decision must "follow an orderly pattern and show clearly how specific evidence leads to a conclusion." *Id.; See also Morris v. Secretary of Health & Human Servs.,* No. 86-5875, 1988 WL 34109, at * (6th Cir. Apr. 18, 1988) *(per curiam)* (noting, in reliance upon *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981), that, when an administrative law judge fails to mention relevant evidence in his or her decision, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored").  An

2

administrative law judge may not ignore evidence favorable to plaintiff. Rather, he must articulate the evidence accepted or rejected when making a disability finding to enable the reviewing court to engage in meaningful judicial review. *See Hurst v. Secretary of H.H.S.*, 753 F.2d 517, 519 (1985). *See also Bailey v. Commissioner of Social Sec.*, 173 F.3d 428 (6th Cir. 1999)(unpublished), 1999 W.L. 96920.

During the administrative hearing, the administrative law judge depicted Dr. D'Onofrio's residual functional capacity of plaintiff as "saying two hours of standing and two hours of walking and four hours of being on her feet." (PageID 123.) When plaintiff's counsel pointed out that Dr. D'Onofrio opined two minutes at a time, the administrative law judge stated, "I thought that was two hours?" (PageID 123-24.) Plaintiff's counsel again clarified: "Four hours total of the day, two minutes at one time," and the administrative law judge remarked, "I need to take a closer look at that. . . . That's crazy." (PageID 124.) The vocational expert inquired during the second administrative hearing, "I'm not clear whether [Dr. D'Onofrio is] saying she could stand and walk — two minutes at a time. I think it said two hours at a time." (PageID 156.) It was clarified that Dr. D'Onofrio opined "minutes." *Id.* The administrative law judge interjected, "Looks like two hours and four hours during an eight-hour period." *Id.* After reviewing Dr. D'Onofrio's assessment, the administrative law judge said, "Well, I'm sorry, that two minutes is crazy." (PageID 157.)

Given these circumstances, it appears that the administrative law judge ultimately substituted his own medical judgment to determine that the objective medical evidence did not support the limitation finding of Dr. D'Onofio.

Relatedly, substantial evidence does not support the physical residual functional capacity limitations the administrative law judge assigned to plaintiff. The administrative law judge appears to base his residual functional capacity findings, and most importantly his determination that plaintiff could stand and walk for two hours at a time for a total of four hours in an eight hour workday, on his own interpretation of the raw medical data.

Thus, remand is required in this case because otherwise, this court is left wholly to speculate on the reasons for the administrative law judge's omission of the limitations outlined by Dr. D'Onofrio.

March 28, 2012 Report and Recommendation, pp. 18-19, Doc. 16, PageID ## 800-801.

The Magistrate Judge further found that the administrative law judge's credibility

analysis did not satisfy the requirements of the Commissioner's regulations. *Id.*, pp. 19-22, PageID ## 801-04.

Objections. The Commissioner argues that there was plenty of evidence to support the administrative law judge's rejection of the two minutes at a time standing and walking limitation in favor of a two hour limitation. The state agency physicians opined that plaintiff could stand and/or walk for about six hours in an eight-hour workday without any kind of sit-stand option. At the hearing, plaintiff's counsel acknowledged that the two minute limitation did not make sense. It is within the discretion of the administrative law judge to determine whether further evidence is necessary. Re-contacting a treating source is only necessary if the treatment records are inadequate to determine whether a claimant is disabled. The Commissioner further argues that remand would not serve any purpose. The administrative law judge made alternative step five findings that support the wide availability of jobs that plaintiff could perform even if she were limited to standing and walking for two minutes at a time. Because the administrative law judge's step five finding confirmed the availability of work even if plaintiff were limited to only standing or walking two minutes a time, remanding to consider this limitation would not serve any purpose.

The Commissioner also argues that the Magistrate Judge failed to acknowledge the administrative law judge's thorough analysis of multiple factors relevant to plaintiff's complaints of pain. The administrative law judge provided numerous reasons why plaintiff's statements were not fully credible.

4

Discussion. The Magistrate Judge correctly concluded that the proper procedure for an administrative law judge to follow to resolve doubts about a treating physician's residual functional capacity assessment is to ask for clarification from the treatment provider or to seek a post-surgery assessment. Additionally, the administrative law judge could have referred plaintiff for an orthopedic evaluation or sent the medical record to an orthopedist for a residual functional capacity assessment. It is not appropriate for an administrative law judge to make his own medical assessment as was done here.

With respect to his credibility determination, the administrative law judge failed to consider objective evidence supporting plaintiff's allegations concerning the intensity and limiting effects of her symptoms. Even when there may be, as the Commissioner argues now, evidence that would support his credibility assessment, the administrative law judge is not free to ignore contrary evidence and fail to give a full and adequate explanation of the evidence supporting his decision and the reasons the conflicting evidence has been discounted or rejected.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  This case is REMANDED to permit the administrative law judge to properly evaluate Dr. D'Onofrio's residual functional capacity assessment and Lincicome's pain and credibility.

6-14-2012

Edmund A. Sargus, Jr.
United States District Judge

5